UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESUS AREVALO, an Individual,<br><br>　　　　Plaintiff,<br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>　　　　Defendant. | Case No.: 2:14-cv-01837-JAD-CWH<br><br>**Order Granting Defendant's Motion to Dismiss Second Claim for Relief with Leave to Amend**<br>**[#6]** |

　　　　Jesus Arevalo claims that the Las Vegas Metropolitan Police Department (Metro) fired him because he is Hispanic, and he asserts two Title VII claims against Metro: one entitled "discrimination" and a second entitled "wrongful termination."[1] Metro moves to dismiss Arevalo's wrongful-termination claim as duplicative of his discrimination claim.[2] Arevalo responds that he intended to assert different theories of liability like NRS Chapter 289 and a union contract as the foundation for his wrongful-termination claim, making it legally distinct from his Title VII racial-discrimination claim, and he asks for leave to amend if this intention is not clear from his pro se pleading. As pled, Arevalo's wrongful-termination claim is entirely duplicative of his racial-discrimination claim, and I grant Metro's motion to dismiss it. Arevalo has until July 17, 2015, to file an amended complaint that replaces his current second claim for relief with one based on a distinct, viable legal theory.

**Discussion**

　　　　Arevalo alleges that he was wrongfully terminated from his job as a Metro police officer after he fatally shot a suspect in 2011.[3] Arevalo breaks his allegations into two claims for relief. In the first, he alleges that Metro "discriminated against" him "under State and Federal Discrimination

---

[1] Doc. 1 at 5.

[2] Doc. 6 at 4.

[3] Doc. 1 at 2–4.

Page 1 of 4

Law, including but not limited to Title VII and 42 U.S.C. because he is Hispanic.[4]  In the second, he expands the same theory and elaborates that, although he was terminated, a caucasion officer equally culpable for the activities on that tragic day was not; and no other non-Hispanic officer has been terminated for an on-duty shooting.[5]  Metro moves to dismiss plaintiff's second claim as duplicative of the first because both assert a Title VII racial-discrimination claim.

### A.   Arevalo's second claim is dismissed as duplicative of his first claim.

It is well established that district courts have the power to dismiss duplicative claims.[6]  Although Arevalo's second claim has a different subheading ("wrongful termination") than his first claim ("discrimination"), at their core both are framed as Title VII racial-discrimination claims.  Arevalo only needs one Title VII racial-discrimination claim in this case.  Accordingly, I grant Metro's motion and dismiss Arevalo's wrongful-termination claim without prejudice.

### B.   Arevalo may amend his wrongful-termination claim if he can identify a different legal basis for it.

Arevalo suggests in his opposition that his intention was really to use his wrongful-termination claim to allege a different legal theory, such as a violation of Nevada state law or his union contract.[7]  He asks for leave to amend should the court find he has not sufficiently pled these theories.

At this point, Arevalo's complaint alleges only one legal theory: Title VII.  It does not state a plausible claim based on a violation of state law or contract.  The Ninth Circuit has repeatedly held that "a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations."[8]  Out of an abundance of caution and in the interest of fairness, I grant Arevalo until July 17, 2015, to file an amended complaint if he can cure the deficiencies in his

---

[4] *Id.* at ¶¶ 25–26.

[5] *Id.* at ¶¶ 30, 32.

[6] *M.M. v. Lafayette School Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012).

[7] Doc. 11 at 3.

[8] *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1079 (9th Cir. 2012).

wrongful-termination claim. In the event that Arevalo chooses to file an amended complaint to better plead a distinct wrongful-termination claim, he is advised of the following:

    1.    His new complaint should be entitled "First Amended Complaint" and must comply with the Federal Rules of Civil Procedure and the Local Rules of this court, available on the court's website at http://www.nvd.uscourts.gov/.

    2.    He must include the factual and legal basis for each claim. This means that he must specifically identify the law, statute, or constitutional provision he claims was violated by the conduct he alleges. Each claim should be broken down into a separate cause of action that contains all essential elements of the claim asserted and states the specific relief requested for that claim.

    3.    An amended complaint must be "complete in itself without reference to the" previous version of the complaint. *See* Local Rule 15-1(a). The court cannot and will not simply refer back to a prior pleading for other information; all allegations and claims that are not carried forward are deemed waived.[9] Therefore, Arevalo must carry forward (or restate) in the new version any information that he wants to continue to plead and that has not been specifically dismissed by this order.

**Conclusion**

IT IS HEREBY ORDERED that the Las Vegas Metropolitan Police Department's Motion for Partial Dismissal **[Doc. 6] is GRANTED;** plaintiff's second claim for relief (wrongful termination) is dismissed with leave to amend**.**

Should plaintiff desire to replead a wrongful-termination claim against Metro under a theory other than Title VII racial discrimination, IT IS FURTHER ORDERED that he must file that First Amended Complaint by July 17, 2015. If plaintiff does not file an amended complaint by this

. . .

---

[9] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

deadline, this case will proceed on his first claim (discrimination) only, and his wrongful-termination claim may be dismissed with prejudice.

DATED  June 30, 2015

_____
Jennifer A. Dorsey
United States District Judge