UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jesus Arevalo,

    Plaintiff

v.

Las Vegas Metropolitan Police Department; Does I-X; Roes I-X,

    Defendants

2:14-cv-01837-JAD-CWH

**Order Granting Motion to Strike Amended Complaint Filed without Leave of Court**
[#22]

    Pro se plaintiff Jesus Arevalo filed a complaint against the Las Vegas Metropolitan Police Department (Metro), alleging employment discrimination. Doc. 1. Metro filed a motion for partial dismissal and an answer to the complaint on November 21, 2014. Docs. 6, 8. Six months later, on May 20, 2015, plaintiff filed an amended complaint without permission from the court, which expands this case by adding new defendants, claims, and theories. Doc. 18. I now grant Metro's motion to strike this rogue pleading. Doc. 22.

    Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits parties to amend their complaints once as a matter of course within 21 days of an answer or motion to dismiss.[1] After the 21-day deadline expires, a plaintiff must seek the court's permission before filing an amended complaint. Arevalo's amended complaint was filed long after his 21-day deadline expired, so he needed the court's permission before filing the amended complaint. Fed. R. Civ. P. 15(a)(2). Because the new pleading was filed without leave of court, good cause appears to grant Metro's motion to strike the amended complaint.

    On June 30, 2015, the court dismissed the second claim for relief in Arevalo's original complaint and gave him until July 17, 2015, to file an amended complaint "to replead a wrongful-termination claim against Metro under a theory other than Title VII racial discrimination." Doc. 26

---

[1] Fed. R. Civ. P. 15(a)(1)(B).

at 3. I now stress to Arevalo that the leave that was granted in that dismissal order was very limited: it permits him to file an amended complaint only if he can plead a viable wrongful-termination claim against Metro under a theory other than Title VII racial discrimination. It does not permit him to add new parties or other claims. *See id*. If Arevalo desires to add claims beyond (1) his first claim for relief as alleged in his original complaint and (2) a wrongful-termination claim against Metro under a theory other than Title VII racial discrimination as permitted by the court's June 30, 2015, order, he must file a proper motion for leave to amend that complies with the rules of this court (including Local Rule 15-1). And because the deadline for amendment has now passed, *see* Doc. 17 at 2 (establishing a May 20, 2015, deadline for filing a motion to amend the pleadings or to add parties), he will also have to show good cause to extend that deadline. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED THAT Metro's motion to strike the amended complaint **[Doc. 22] is GRANTED** The Clerk of Court is instructed to strike the Amended Complaint [Doc. 18] because it was filed without leave of court.

Dated July 8, 2015.

_____
Jennifer A. Dorsey
United States District Judge