UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JESUS L. AREVALO, | ) | |
| | ) | 2:14-cv-01837-GMN-CWH |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| LAS VEGAS METROPOLITAN, POLICE DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on pro se Plaintiff Jesus L. Arevalo's ("plaintiff") Motion to Reopen Discovery Due to New Evidence (doc. # 35), filed November 24, 2015, and Defendant Las Vegas Metropolitan Police Department's ("defendant") response (doc. # 36), filed December 11, 2015. Plaintiff did not file a reply.

Plaintiff asks the Court to reopen discovery "due to newly obtained factual information." Doc. # 35 at 3. Plaintiff explains that evidence of "failed metro radios... relating to [p]laintiff's termination was not disclosed or [made] known to [p]laintiff" and therefore reopening discovery is appropriate in the instant case. Id. at 3, 6-7.

Defendant, in opposition, argues that plaintiff's reason for reopening discovery is insufficient. According to defendant, plaintiff erroneously believes that a settlement reached in a different case involving defendant's radio system[1] and related contractual and legal issues is relevant to the instant case. Defendant argues that it has never denied issues with the radio system and points

---

[1] The "Radio lawsuit" described is Las Vegas Metropolitan Police Department v. Harris Corporation, *et al*., No. 2:13-cv-01780-GMN-VCF (D. Nev. Nov. 4, 2015). In that case, defendant sued its supplier of radios.

out that plaintiff had every opportunity during discovery to inquire about the deficiencies of the radio system, yet failed to do so. Defendant then points out that plaintiff was well aware of the problems with the radio system and knew or should have known that defendant filed the Radio lawsuit. Defendant further points out that any issues regarding the radio system do not impact or relate to plaintiff's claim of national origin discrimination.[2] Plaintiff did not file a reply.

The Court agrees with defendant and finds that plaintiff fails to provide a viable basis for reopening discovery in the instant case. Indeed, it appears that plaintiff was, or should have been, aware of the Radio lawsuit, as that case was initiated in September 2013, and plaintiff initiated the instant case over one year later, in November 2014. Thus, plaintiff should have been able to request information regarding the Radio lawsuit during discovery if the lawsuit had any bearing on plaintiff's claim of national origin discrimination. As it stands, however, discovery is closed and plaintiff fails to identify the relevance of the Radio lawsuit to his discrimination claim. Given such, the Court finds no reason to reopen discovery at this late juncture.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Motion to Reopen Discovery Due to New Evidence (doc. # 35) is **denied**.

DATED: December 22, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[2] The Court will not address defendant's arguments regarding plaintiff's motion to amend the complaint (doc. # 29), as the motion and related arguments are properly before the district judge in this case.