UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jesus Arevalo,<br><br>　　　　Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department,<br><br>　　　　Defendant | 2:14-cv-01837-JAD-CWH<br><br>**Order Denying Motion for Leave to Amend and Granting Motion for Summary Judgment**<br><br>[ECF 29, 31] |

　　Pro se plaintiff Jesus Arevalo sues his former employer, the Las Vegas Metropolitan Police Department (Metro), alleging that Metro fired him because he is Hispanic, violating Title VII.[1] Arevalo seeks leave to file an amended complaint to plead a conspiracy claim against four new defendants;[2] Metro opposes Arevalo's request.[3] Metro also moves for summary judgment, arguing that Arevalo cannot establish a prima facie case of discrimination[4] and, even if Arevalo can meet his initial burden, Metro argues it is entitled to summary judgment because it has a legitimate, non-discriminatory reason for Arevalo's termination: he fatally shot an unarmed suspect and engaged in criminal misconduct while on administrative leave for the shooting.[5] Because Arevalo has not shown good cause for untimely amendment, I deny his motion. And because Arevalo has not demonstrated he can prove a prima facie case of discrimination, I grant Metro's motion for summary

---

[1] ECF 1. Arevalo initially asserted two Title VII claims: one for "discrimination" and one for "wrongful termination." In a June 30, 2015, order I dismissed Arevalo's wrongful-termination claim as duplicative of his racial-discrimination claim and gave Arevalo until July 17, 2015, to replead a wrongful-termination claim against Metro under a theory other than Title VII racial discrimination. ECF 26.

[2] ECF 29.

[3] ECF 30.

[4] ECF 31 at 2.

[5] *Id.* at 13–14.

judgment and close this case.[6]

## Background

Arevalo alleges that he was wrongfully terminated from his job as a Metro police officer after he fatally shot a suspect in December 2011.[7] Arevalo theorizes he was terminated based on policies that were not in effect at the time of the shooting and that were not used in other officer-involved shootings.[8] Arevalo also alleges that he is aware of two other officers of non-hispanic origin who shot unarmed suspects but were not terminated.[9] He further contends that, but for other law-enforcement errors at the scene, e.g., lack of leadership and radio problems, he would not have fired the fatal shot.[10] Because the circumstances surrounding the shooting did not justify termination, Arevalo contends, the shooting and alleged misconduct after the shooting are a mere pretext for his unlawful discharge.

### I.  Motion for Leave to Amend

Because the deadline for amendment expired two months before Arevalo filed this motion to amend his complaint,[11] he must show good cause to extend the deadline.[12] Arevalo conclusorily argues that good cause exists because he is disadvantaged by his pro se status and he suffers from PTSD.[13] Arevalo offers no specific facts explaining how his PTSD interfered with his ability to meet

---

[6] I find this motion suitable for disposition without oral argument.  Nev. L.R. 78-2.

[7] ECF 1 at 2–4.

[8] *Id.* at 5.

[9] *Id.* at 2.

[10] *Id.* at 5.

[11] See ECF 17 at 2 (establishing a May 20, 2015, deadline for filing a motion to amend the pleadings or to add parties).  My June 30, 2015, order gave Arevalo until July 17, 2015, to replead a wrongful-termination claim against Metro under a theory other than Title VII racial discrimination; it did not give him leave to add parties or claims.  He filed this motion to amend on July 17, 2015.  ECF 29.

[12] *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

[13] ECF 29 at 4.

the court-ordered deadline, and it does not appear that he has had any difficulty complying with the other deadlines in this case. While courts broadly construe pro se pleadings, pro se litigants are not treated more favorably than parties with attorneys of record.[14] Though representing himself, Arevalo is expected to abide by the rules of this court.[15] Finally, there is no indication that the names of the additional defendants or the facts underlying the conspiracy claim were unknown to Arevalo until after the expiration of the court-ordered deadline, or that he could not have discovered these facts with due diligence. For all of these reasons, I find that Arevalo has not shown good cause to extend the deadline for seeking leave to amend, and I deny his request. I now consider Metro's motion for summary judgment on Arevalo's lone claim for racial discrimination in violation of Title VII.

## II.     Motion for Summary Judgment

### A.     Summary-Judgment Standards

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[16] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[17] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[18]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[19] The nonmoving party "must do more than simply

---

[14] *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986).

[15] *Id.*

[16] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[17] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[18] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[20] The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[21]

For purposes of ruling on the motion for summary judgment, I decline to consider the parties' unauthenticated exhibits. Because none of the parties' exhibits are properly authenticated, I disregard them in their entirety.[22] This leaves Arevalo with a glaring dearth of evidence to support his claim.

### B. Title VII Discrimination

Under the seminal United States Supreme Court opinion in *McDonnell Douglas Corporation v. Green*, the plaintiff has the initial burden to establish a prima facie case of discrimination.[23] To survive summary judgment, a discrimination plaintiff must produce admissible evidence showing: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably.[24]

The burden of production, but not persuasion, then shifts to the employer to articulate some

---

[20] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[21] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

[22] I decline to consider defendant's exhibit A (Arevalo's deposition) because neither the reporter's certificate nor the certificate of witness is signed. ECF 31 at 36–37; *see also Orr*, 285 F.3d at 774 (explaining how to authenticate transcripts). I also decline to consider defendant's exhibits B and F (internal policies), D (adjudication of employee complaint), and C and E (internal memorandums) because none are properly authenticated. I decline to consider plaintiff's exhibits 1 and 2 (transcripts of employee Lt. D. Dockendorf and Officer Hovan statements) because neither is made under penalty of perjury, and 3 (employee notification addressed to another employee-witness) and 4 (tactical review board findings) because neither is properly authenticated.

[23] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[24] *Id.*

legitimate, nondiscriminatory reason for the challenged action.[25]  If the employer does so, the plaintiff must show that the articulated reason is pretextual "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence."[26]

### C.   Arevalo fails to make a prima facie showing of discrimination.

Metro does not dispute that Arevalo is a member of a protected class or that he suffered an adverse employment action.[27]  It contends instead that Arevalo cannot make a prima facie case of discrimination because he cannot show (1) that he was qualified to retain his position as an officer after the fatal shooting or (2) that other, similarly situated employees were treated more favorably.[28]  Even if Arevalo has established a prima facie case, Metro argues it is nonetheless entitled to summary judgment because it had a legitimate, non-discriminatory reason to fire him.[29]

Arevalo argues that he was qualified to retain his position because he was cleared of criminal wrongdoing for the shooting.[30]  He also contends that he "has established other, similarly situated employees were treated more favorable."[31]  For example, "years before[,] an officer shot an unarmed man with a BASKETBALL and was not terminated."[32]

---

[25] *Id.*

[26] *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

[27] ECF 31 at 10.

[28] *Id.* at 10–13.

[29] *Id.* at 13–14.

[30] ECF 33 at 9.

[31] Arevalo cites to a purported online Las Vegas Review Journal article criticizing Metro's response to its officers' use of deadly force.  ECF 151–52.  I decline to consider this exhibit because neither the author's name nor the date of publication are listed and Arevalo does not provide the complete link to the article.  Even if I were to consider this exhibit, the article does not show that other, similarly situated non-Hispanic officers were treated differently than Arevalo, and its contents are likely inadmissible hearsay.

[32] ECF 33 at 33.

Though I recognize that the degree of proof necessary to establish a prima facie case for Title VII discrimination on summary judgment is minimal,[33] I simply cannot find that Arevalo has met his initial burden in response to Metro's summary-judgment challenge. In his complaint, Arevalo alleges that he is aware of non-Hispanic officers involved in fatal shootings who were not terminated, but he does not provide an affidavit or any other admissible evidence to support that allegation. Although "[t]he amount [of evidence] that must be produced in order to create a prima facie case is 'very little,'"[34] Arevalo has presented no admissible evidence at all. Because Arevalo fails to establish a prima facie case, I need not examine if Metro had legitimate, non-discriminatory reasons to fire him or whether those reasons were mere pretext for unlawful discrimination. Metro is, thus, entitled to summary judgment in its favor.

**Conclusion**

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's Motion for Summary Judgment **[ECF 31]** is **GRANTED.**

IT IS FURTHER ORDERED that plaintiff's Motion for Leave to Amend **[ECF 29]** is **DENIED.**

The Clerk of Court is instructed to enter judgment in favor of the defendant and **CLOSE THIS CASE.**

Dated January 12, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[33] *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000); *Wallis v. JR. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994) (stating that "[t]he plaintiff need only offer evidence [that] gives rise to an inference of unlawful discrimination.").

[34] *Sischo-Nownejad v. Merced Comm. College Dist.*, 934 F.2d 1104, 1110 (9th Cir. 1991), superseded by statute on other grounds as recognized by *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027 (9th Cir. 2005).